898 P.2d 477

**The STATE of Arizona, Appellant,**

v.

**Joseph MUNOZ, Maria Leon, Hilda Palma, Esequiel Zepeda–Morales, Adriana Vargas, Arsenio Lopez, Lorenzo Miranda, Yvonne Cota, Jesus Robles, Lorena Perez–Canedo, Augustine Rivera, Sergio Velderrain, Jose Contreras, Ramon Montijo, Jose Moreno, Appellees.**

**Nos. 2 CA–CR 93–0488 to
2 CA–CR 93–0502.**

Court of Appeals of Arizona,
Division 2, Department A.

Sept. 27, 1994.

Reconsideration Denied Oct. 24, 1994.

Review Denied June 29, 1995.

Stephen D. Neely, Pima County Atty. by Christina M. Cabanillas, Tucson, for appellant.

Susan A. Kettlewell, Pima County Public Defender by Yvonne J. Ayers, Tucson, for appellees.

*OPINION*

LIVERMORE, Presiding Judge.

■ Four patrolmen working in the southside precinct of Tucson noticed that many of the people they stopped for traffic violations had white powder around their noses. Believing this to be evidence of cocaine use,

they seized it by using fingerprint tape to remove it. For almost a year this technique was used only by these officers with the approval of their superiors. Because the area in which these officers worked was overwhelmingly Hispanic, those arrested for cocaine use were 95% Hispanic. The trial court found this to be unconstitutionally discriminatory law enforcement and dismissed the prosecutions in 15 cases that have now been consolidated on appeal. We affirm.

Over a century ago in *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886), the Supreme Court held that a facially neutral law could be improperly applied against a discrete class, there Chinese owners of laundries, so as to constitute a denial of equal protection of the laws. We view that principle as equally applicable to an enforcement technique such as is at issue in this case. But to succeed on a claim of discriminatory law enforcement, those accused are required to demonstrate that others similarly situated have not been subjected to the technique and that the reason they have not is an impermissible motive. See *United States v. Bourgeois*, 964 F.2d 935 (9th Cir.1992); *United States v. Aguilar*, 883 F.2d 662 (9th Cir.1989).

This case would be simple if a Tucson Police Department document said the new technique was only to be employed in primarily Hispanic sections of the city. This would demonstrate a disparity in treatment for an impermissible reason. While no such document exists, we believe the trial court could properly infer impermissibly motivated disparate treatment from acquiescence for a year in the use of the technique only in a Hispanic section of the city. Impermissible motivation can as surely be proved circumstantially as by a direct admission.

The state seeks to avoid this result by arguing that the defendants must establish instances in which non-Hispanics similarly situated were not prosecuted and that a finding of impermissible motive cannot stand given the undisputed evidence that these officers had arrested a few non-Hispanics who had white powder around their noses. These arguments misapprehend the thrust of the trial court's ruling. If the police department elects not to gather evidence in this manner in the three-quarters of the city that is not primarily Hispanic, it will be impossible to demonstrate that non-Hispanic people similarly situated were not charged. When enforcement techniques have this seriously disparate impact, we believe the state must demonstrate why it has chosen not to use the technique generally. It will not do to require those adversely affected to shoulder the impossible burden of proving that had it been used others could have been charged. Moreover, we do not believe that proof of impermissibly discriminatory law enforcement can be rebutted by showing that a very few non-Hispanics have also been arrested. To rigorously enforce the law only in Hispanic neighborhoods is not equal simply because any non-Hispanic offenders in those neighborhoods will also be arrested.

Affirmed.

MICHAEL A. LACAGNINA and FERNANDEZ, JJ., concur.